COBB, Judge,
concurring in part and dissenting in part.
I concur in the majority’s rejection in its unpublished memorandum of the appellant’s argument that, in a prosecution for vehicular homicide, the term “unlawfully” describes the underlying traffic law or ordinance.[1] As the majority rightly concludes, the action criminalized by the vehicular homicide statute is not the violation of the traffic law or ordinance, but the homicide that occurs as a result of the violation of the ordinance. I write specially to reiterate that I cannot agree that the term “unlawfully,” as used in the vehicular homicide statute, describes the culpable mental state of the offender. As I stated in my dissent in Burnett v. State, [Ms. CR-98-0543, September 17, 1999], — So.2d - — (Ala.Cr.App.1999), it is my contention that the word “unlawfully” describes a person’s conduct, not a person’s state of mind.

. In pertinent part, the vehicular homicide statute, § 32-5A-192, Ala.Code 1975, states:
"(a) Whoever shall unlawfully and unintentionally cause the death of another person while engaged in the violation of any state law or municipal ordinance applying to the operation or use of a vehicle ... or to the regulation of traffic ... shall be guilty of homicide when the violation is the proximate cause of death.”
(Emphasis added.)